IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HALENE GIDDINGS, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-10-0761 |
| § | | |
| MARTIN PREFERRED FOODS, L.P., § | | |
|     Defendant. § | | |

## MEMORANDUM AND ORDER

This employment discrimination case is before the Court on the Motion for Summary Judgment [Doc. # 13] filed by Defendant Martin Preferred Foods, L.P. ("Martin"), to which Plaintiff Halene Giddings filed a Response [Doc. # 15]. Martin neither filed a reply nor requested additional time to do so. Having reviewed the full record and applied the governing legal authorities, the Court **denies** Defendant's Motion for Summary Judgment.

## I.  BACKGROUND

Plaintiff is African-American. She was hired by Defendant in 1998, at the age of 56, to work as a receptionist. In July 2005, Defendant transferred Plaintiff to the accounting department. One of her job responsibilities was to scan and post invoices into data storage.

In mid-December 2007, Plaintiff was counseled that her postings were behind. Plaintiff's employment was terminated on January 4, 2008.

Plaintiff exhausted her administrative remedies before the Equal Employment Opportunity Commission, then filed this lawsuit asserting causes of action for race discrimination and age discrimination.[1] After an adequate time to complete discovery, Defendant moved for summary judgment on Plaintiff's claims. The Motion is now ripe for decision.

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The moving party bears the burden of demonstrating that there is no evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Nat'l*

---

[1] Plaintiff also asserted a retaliation claim, but in her Response she presented neither argument nor evidence that she engaged in protected activity under Title VII. She alleges in her Complaint [Doc. # 2] that she filed a complaint with the Human Resources Department claiming that her supervisor had harassed and intimidated her. There is no evidence, however, to raise a genuine issue of material fact that the complaint filed with the Human Resources Department complained of treatment that was allegedly race-based. *See, e.g., Moore v. United Parcel Srvc., Inc.*, 150 F. App'x 315, 319 (5th Cir. Oct. 4, 2005) (holding that employee did not engage in protected activity where his grievance "did not oppose or protest racial discrimination"). Plaintiff's retaliation claim, if not abandoned, is therefore dismissed with prejudice.

*Union Fire Ins. Co. v. Puget Plastics Corp.*, 532 F.3d 398, 401 (5th Cir. 2008).  If the moving party meets this initial burden, the burden shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue for trial.  *See Hines v. Henson*, 293 F. App'x 261, 262 (5th Cir. 2008) (citing *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 278 (5th Cir. 2004)).  The Court construes all facts and considers all evidence in the light most favorable to the nonmoving party.  *Nat'l Union*, 532 F.3d at 401.

### III.  DISCUSSION

#### A.  Analytical Framework for Race and Age Discrimination Claims

Under the burden-shifting standard applicable to Title VII and Age Discrimination in Employment Act ("ADEA") claims, a plaintiff claiming discrimination must establish a *prima facie* case by demonstrating that she: (1) is a member of a protected class; (2) was qualified for the position in question; (3) was the subject of an adverse employment action; and (4) was treated less favorably than similarly situated persons who were not members of the protected class.  *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009) (Title VII); *Bishop v. Texarkana Texas Police Dept.*, 370 F. App'x 546, 548 (5th Cir. Mar. 25, 2010) (citing *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 957 (5th Cir. 1993)) (ADEA).  A plaintiff's *prima facie* case creates an inference of intentional discrimination that shifts the burden back to the defendant

to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *McDonnell Douglas*, 411 U.S. at 802; *Lee*, 574 F.3d at 259. The defendant's burden at this stage is a burden of production, not persuasion, and "'can involve no credibility assessment.'" *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000) (quoting *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 513 (1993)). If the employer provides such an explanation, the plaintiff bears the burden to establish discrimination by offering evidence that the employer's stated explanation is a pretext for discrimination. *Reeves*, 530 U.S. at 143; *Lee*, 574 F.3d at 249; *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000). A plaintiff's *prima facie* case, combined with the factfinder's disbelief of the defendant's proffered reasons, may suffice to show intentional discrimination. *Reeves*, 530 U.S. at 147 (citing *St. Mary's Honor Center*, 509 U.S. at 511).

**B.     Analysis**

Plaintiff has presented evidence that, as an African-American over the age of 40, she is a member of race and age protected classes. She has presented evidence that she was performing her work and, as a result, was qualified for the accounting department position. It is undisputed that Plaintiff suffered an adverse employment action when she was discharged. Plaintiff has presented evidence that she was replaced by Chelsia Garcia, a non-African-American significantly younger than

Plaintiff. This evidence satisfies Plaintiff's burden to present evidence to support a *prima facie* case of race and age discrimination.

Defendant has stated that it terminated Plaintiff's employment because she failed to perform the work for which she was hired and because she displayed a poor attitude toward management. Defendant notes that by late December 2007, the scanning and posting of invoices into data storage was 120 days behind. Having articulated a non-discriminatory reason for its decision, Defendant has satisfied its intermediate burden. Plaintiff must, therefore, present evidence that Defendant's proffered explanation is a pretext for race and age discrimination.

Plaintiff has presented evidence that she received favorable evaluations in 2006 and 2007. Indeed, each year Plaintiff's productivity was rated as "Very Good," defined as "Performance consistently exceeds what is expected of a competent experienced employee." *See* Non-Exempt Performance Appraisals for 2006 and 2007, Exhs. B and C to Response. Although in 2006, her interpersonal relationships were rated as Satisfactory, the explanation was that she would "first ask if any help will be needed for that day before planning her daily schedule." *See* 2006 Appraisal. In 2007, Plaintiff's interpersonal relationships were rated as "Very Good." *See* 2007 Appraisal. There were no comments in either appraisal to suggest that Plaintiff had a poor attitude toward management.

Plaintiff has also presented evidence that the backlog of invoices needing to be posted into data storage was not the result of her failing to do her job, but was instead because the machine used for scanning and posting invoices was broken for several months in late 2007. Plaintiff's evidence indicates that the backlog was the result of management's failure to replace or repair the machine promptly.

Plaintiff has presented evidence from which a factfinder could conclude that Defendant's proffered reason for its decision to terminate Plaintiff's employment and replace her with a much younger Hispanic was false and pretextual. As a result, the Court denies Defendant's Motion for Summary Judgment on the race and age discrimination claims.

## IV.    **CONCLUSION AND ORDER**

Plaintiff has presented evidence that raises a genuine issue of material fact in support of her race and age discrimination claims. Plaintiff has presented neither evidence nor argument in opposition to Defendant's Motion for Summary Judgment on the retaliation claim. Consequently, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 13] is **GRANTED** as to the retaliation claim and **DENIED** as to the race and age discrimination claims. Counsel are reminded that mediation is required in this case.

SIGNED at Houston, Texas, this **11th** day of **January, 2011**.

_____
Nancy F. Atlas
United States District Judge